UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

BRADLEY HICKS,

    Plaintiff,

v.

Case No: 6:17-cv-1472-Orl-41TBS

DEEPWATER GLOBAL DISTRIBUTION, INC., RICHARD GILLILAND and LINDA GILLILAND,

    Defendants.

## ORDER

This case comes before the Court without oral argument on the following motions:

- Plaintiff's Motion for an Order Compelling Responses to Plaintiff's First Request for Production of Documents (Doc. 21);

- Plaintiff's Motion for an Order Compelling Responses to Plaintiff's First Set of Interrogatories to (Doc. 22); and

- Plaintiff's Motion for an Order Compelling Responses to Plaintiff's First Set of Interrogatories to Defendant Linda Gilliland (Doc. 23).

All three motions are **GRANTED**.

### I. Background

On August 10, 2017, Plaintiff Bradley Hicks sued his former employer, Defendant Deepwater Global Distribution, Inc. and its principals, Richard Gilliland and Linda Gilliland, for failing to pay overtime wages in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*. (Doc. 1). Deepwater Global is a Florida corporation that is an "online aquarium parts distribution business that sells and ships aquarium products" (Doc. 1 ¶¶ 8-9). Plaintiff worked for Deepwater Global from October 1, 2013 to June 13, 2017 as an hourly paid employee (Id. at ¶ 20). He was primarily responsible for "receiving inventory, stocking inventory, locating products, packing and preparing orders for

shipment, unloading and loading boxes of inventory, counting inventory and otherwise following [the] directions of his supervisors" (Id. at ¶ 24). Plaintiff claims that within the last three years, he worked in excess of 40 hours per week for numerous weeks, yet he was not compensated for his overtime at the appropriate statutory rate (Id. at ¶ 27). Defendants deny Plaintiff's allegations and assert several affirmative defenses (Doc. 11). On February 28, 2018, the Court entered a Case Management and Scheduling Order that established November 22, 2018 as the date all discovery is expected to be completed (Doc. 19).

Plaintiff has motioned the Court to compel Defendants to provide appropriate responses to his discovery requests. Defendants failed to respond to Plaintiff's first two motions and the time within to do so has expired. When a party fails to respond, that is an indication that the motion is unopposed. Foster v. Coca-Cola Co., No. 6:14-cv-2102-Orl-40TBS, 2015 WL 3486008, at *1 (M.D. Fla. June 2, 2015) (citing Jones v. Bank of Am., N.A., 564 F. App'x 432, 434 (11th Cir. 2014)); Strykul v. PRG Parking Orlando, L.L.C., Case No. 6:14-cv-211-Orl-31GJK, 2015 WL 789199, at *2 (M.D. Fla. Feb. 24, 2015); cf. Barns v. Butch, No. 5:10-cv-426 (MTT), 2011 U.S. Dist. LEXIS 131500, at *2 (M.D. Ga. Nov. 15, 2011); Kramer v. Gwinnett Cnty., Ga., 306 F. Supp. 2d 1219, 1221 (N.D. Ga. 2004) ("[A] party's failure to respond to any portion or claim in a motion indicates such portion, claim or defense is unopposed."); Hudson v. Norfolk S. Ry. Co., 209 F. Supp. 2d 1301, 1324 (N.D. Ga. 2001) ("When a party fails to respond to an argument or otherwise address a claim, the Court deems such argument or claim abandoned."). Based upon Defendants' failure to respond to Plaintiff's averments, I treat the motions at Docket Entries 21 and 22 as unopposed.

Defendant Linda Gilliland, through her counsel, filed a response to the motion at Docket Entry 23 almost one week after the July 6th deadline[1] had expired (Doc. 24). Plaintiff has not sought leave of the Court to file her response out of time, nor has she argued that good cause prevented her from complying with the deadline. Therefore, Linda Gilliland's response in opposition to the motion to compel is **STRICKEN** as untimely. See ReNu Medical, Inc. v. Hygia Health Services, Inc., CV 05-B-0949-S, 2007 WL 9712215, at *6 (N.D. Ala. Mar. 21, 2007) ("ReNu's Opposition was untimely filed, and it did not seek leave of the court to file its Opposition after the deadline. Therefore, the court will sua sponte strike plaintiff's Response …"); Keith v. Naglich, Civil Action Number 5:17-cv-01437-AKK, 2018 WL 513344, at *1 n.1 (N.D. Ala. Jan. 23, 2018). Accordingly, the Court also treats as unopposed Plaintiff's motion at Docket Entry 23.

## II. Discussion

The Federal Rules of Civil Procedure "strongly favor full discovery whenever possible." Farnsworth v. Proctor & Gamble Co., 758 F.2d 1545, 1547 (11th Cir. 1985). Federal Rule of Civil Procedure 26(b)(1) allows parties to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Relevance is "construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351(1978). A discovery request "should be considered relevant if there is any possibility that the information sought may be relevant to the subject matter of the action." Roesberg v. Johns-Manville Corp., 85 F.R.D. 292, 296 (E.D. Pa. 1980); see also Deitchman v. E.R. Squibb & Sons, Inc., 740 F.2d 556 (7th

---

[1] Local Rule 3.01(b) provides that "[e]ach party opposing a motion or application shall file within fourteen (14) days after service of the motion or application a response that includes a memorandum of legal authority in opposition to the request …" Since Plaintiff filed the motion on June 22, 2018, Ms. Gillilan's response was due by July 6, 2018.

- 3 -

Cir. 1984) (If Court is in doubt concerning the relevancy of requested discovery the discovery should be permitted.).

Federal Rule of Civil Procedure 33 allows parties to serve on each other interrogatories which relate to any matter that may be inquired into under Rule 26(b). Rule 33 directs that each interrogatory be answered "separately and fully in writing under oath." FED. R. CIV. P. 33(b)(3). Similarly, Rule 34 states in part that a request for production "must describe with reasonable particularity each item or category of items to be inspected." FED. R. CIV. P. 34(b)(1)(A). An opposing party must state its grounds for objection with specificity. See id. at (b)(4).

Objections to discovery must be "plain enough and specific enough so that the court can understand in what way the [discovery is] alleged to be objectionable." Panola Land Buyers Assoc. v. Shuman, 762 F.2d 1550, 1559 (11th Cir. 1985) (quoting Davis v. Fendler, 650 F.2d 1154, 1160 (9th Cir. 1981)). The court may compel a party to answer interrogatories and produce documents. See FED. R. CIV. P. 37(a)(3)(B)(iii). If a motion to compel is granted, the court must direct the party whose conduct necessitated the motion, "or the attorney advising that conduct, or both," to compensate the movant for "reasonable expenses incurred in making the motion, including attorney's fees," except in certain limited circumstances. FED. R. CIV. P. 37(a)(5)(A). The recipient has thirty (30) days within which to respond to the requested discovery. FED. R. CIV. P. 33(b)(2), 34(b)(2)(A).

### A. Requests for Production - All Defendants

Plaintiff served Defendants with his first request for production of documents on April 19, 2018, thus making May 22, 2018 the deadline for responses (Doc. 21 at 2, ¶ 4). Plaintiff represents that after several meet and confers, the parties agreed to extend the

deadline to June 19, 2018 (Id.). Still, "Defendants have failed to provide any responsive documents." (Id. at 3).

Defendants provided Plaintiff with the following response to Requests for Production Nos. 1-5, 9-10, 17-24, 26-27, and 29: "All documents in the Defendants' possession, custody or control will be produced." (Doc. 21 at 5-9). Within **fourteen days** from the rendition of this Order, Defendants shall provide to Plaintiff all documents responsive to these discovery requests.

This brings the Court to request for production No. 28:

> **Request No. 28**: Any and all purchase orders, paperwork, shipping receipts for Amazon orders fulfilled by Defendant, Deepwater Global Distribution, Inc., from May 2015 to June 13, 2017.
>
> **Response**: Defendant, Deepwater, objects to Request No. 28 on the grounds that such request is not proportional to the needs of the case because the information requested is not important to the present action and the amount in controversy does not justify the expense required to comply with the discovery request. For example, individual purchase orders, paperwork, and shipping receipts to Amazon would be costly and time consuming to produce, but would be of limited or no value to establishing Plaintiff's claims. Subject to such objection, Defendants will produce records and/or documents that would tend to show or establish the hours worked by Plaintiff.

(Doc. 21 at 9). Plaintiff's request is relevant to his case-in-chief for the reasons outlined in the motion (Doc. 21 at 9-10). Defendants' response is overruled and the motion to compel an appropriate response is **GRANTED**. Defendants have **fourteen days** from the rendition of this order to provide Plaintiff with all documents responsive to this discovery request.

Next, is request for production No. 30:

> **Request No. 30**: With the exception of attorney-client communications, any and all correspondence sent by, sent to, or which include (i.e., copied on), Defendant LINDA GILLILAND, which relate in any way to Defendant,

- 5 -

> DEEPWATER GLOBAL DISTRIBUTION, INC. formerly known as SALTY SUPPLY, INC., since its inception.
>
> **Response**: Defendants object to Request No. 30 on the grounds that such request is not proportional to the needs of the case because much of the communications that might be responsive to the request is [sic] not important to the present action, would involve confidential communications about unrelated matters, and the amount in controversy does not justify the expense required to comply with the discovery request. Subject to such objection, Defendant will produce such correspondence, if any, relating to the operations of the company or employment matters that were sent to, sent by, or cc'd to Linda Gilliland.

(Doc. 21 at 11) (emphasis in original). Defendants' objection is sustained. However, there is no justification for Defendants' failure to comply with request No. 30 *as limited by Defendants*. Therefore, the motion to compel is **GRANTED in part**. Within **fourteen days** from the rendition of this order, Defendants shall produce all documents relating to "correspondence, if any, relating to the operations of the company or employment matters that were sent to, sent by, or cc'd to Linda Gilliland."

### *B. Interrogatories - Deepwater Global*

Deepwater Global has not responded to any of the 17 interrogatories Plaintiff propounded (Doc. 22; Doc. 22-1). Now, Plaintiff's motion to compel answers to these interrogatories is **GRANTED**, Deepwater Global has **fourteen days** within to answer Plaintiff's interrogatories in full, under oath.

### *C. Interrogatories - Linda Gilliland*

Plaintiff propounded 5 interrogatories to Linda Gilliland to ascertain her role in and sphere of influence over Deepwater Global (Doc. 23; Doc. 23-1). Linda Gilliland claims only to be an investor in the company, but Plaintiff maintains that her role is much more central to the day-to-day operation of the business:

> As a matter of fact, according to Florida's Secretary of State, Ms. Gilliland is an officer of the company. Indeed, Ms. Gilliland

> has been listed as an officer of Deepwater Global (or *SaltySupply* as it was formerly known) on its State annual reports every year since its inception. Ms. Gilliland also appears to be the person actually responsible for filing the annual reports with the department as her electronic signature is on the majority of the filings. Ms. Gilliland was even the person responsible for a prior corporate name change of the company ... [the website of another company Ms. Gilliland owns] announces that 'Dr. Gilliland is also active with a business she owns with her youngest son, saltysupply.com that sells online equipment and supplies for salt water aquarium enthusiasts.'"

(Doc. 23 at 6-7; Doc. 23-2, 23-3; 23-4 at 3; 23-5 at 2; 23-6). Ms. Gilliland objected to

Interrogatories 2 and 3:

> **Interrogatory 2**: Identify all persons, third party vendors, or entitles [sic] (by name, address, and specialty) involved with your bookkeeping, accounting, finance, banking, tax preparation, payroll, healthcare, retirement (ERISA), for the three years preceding the filing of the subject complaint.
>
> **Response**: Objection. Interrogatory No. 2 seeks confidential and personal information relating to Linda Gilliland personally that is not relevant to her role, if any, with Deepwater and the Interrogatory appears to be [a] fishing expedition to obtain improper prejudgment financial discovery. Ms. Gilliland's personal bookkeeping, accounting, finances, banking, tax preparations, payroll, healthcare, and retirement (ERISA), have nothing to do with her role with Deepwater and Plaintiff's claims against her personally in this case. The third parties involved with Ms. Gilliland's personal taxes and finances would not have any information relating to Mr. Hicks' job duties, his rate of pay, the wages he was paid, or the number of hours that he worked each week.
>
> **Interrogatory 3**: Please identify the following utilized during the three years preceding the filing of the subject complaint:
>
> a)   Cellular Phone Carriers (list carriers, phone numbers, and type of phones);
> a)   Internet Service Providers (list providers);
> b)   Electronic Mail (pleas list e-mail addresses):
>
> **Response**: Objection. Interrogatory No. 3 seeks confidential and personal information relating to Linda Gilliland personally that is not relevant to her role with Deepwater. Ms. Gilliland's personal cell phone records, internet providers, and electronic

> mail that do not involve Deepwater are not relevant to the
> Plaintiff's claims against her in this case. In fact, most of her
> cell phone records, internet providers, and electronic mail
> records that do relate to Deepwater would not be relevant to a
> determination of the hours that Plaintiff worked or Plaintiff's
> job duties.

(Doc. 23 at 7, 9). Ms. Gilliland's objections are overruled. The interrogatories are relevant to the discovery of information concerning her ownership interest in Deepwater Gobal, her role in the corporation, the extent of her "operational control," and whether she is ultimately an "employer," as defined in the FLSA. Accordingly, Plaintiff's motion to compel Ms. Gilliland to respond to Interrogatories 2 and 3 is **GRANTED**. Ms. Gilliland has **fourteen days** within to answer Plaintiff's interrogatories 2 and 3 in full, under oath.

Lastly, Plaintiff is **AWARDED** his reasonable attorney's fees and costs for prosecuting these motions to compel, pursuant to F<small>ED</small>. R. C<small>IV</small>. P. 37(a)(5). The parties shall agree on the amount or, if they are unable to agree, Plaintiff has **fourteen days** from the rendition of this Order to file his motion for fees and costs and Defendants will then have **fourteen days** to respond.

**DONE** and **ORDERED** in Orlando, Florida on July 16, 2018.

*[signature]*
THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to Counsel of Record