UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

BRADLEY HICKS,

    Plaintiff,

v.                                                                                 Case No:   6:17-cv-1472-Orl-41TBS

DEEPWATER GLOBAL DISTRIBUTION,
INC., RICHARD GILLILAND and LINDA
GILLILAND,

    Defendants.

## REPORT AND RECOMMENDATION

This Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.* case comes before the Court on the parties' Joint Motion for Approval of Settlement and for Dismissal With Prejudice (Doc. 38). After due consideration, I respectfully recommend that the motion be **granted**.

### Background

Plaintiff Bradley Hicks is suing his former employers Deepwater Global Distribution, Inc. (formerly known as Salty Supply, Inc.), Richard Gilliland, and Linda Gilliland, for unpaid overtime wages (Doc. 1). Defendant Deepwater Global is "an online aquarium parts distribution business that sells and ships aquarium products." (Id., ¶ 9). Plaintiff alleges that the individual defendants are Deepwater Global's officers (Id., ¶¶ 40, 50). Plaintiff worked for Defendants as a non-exempt employee from October 1, 2013 to June 13, 2017 (Id., ¶ 19). His "job duties included receiving inventory, stocking inventory, locating products, packing and preparing orders for shipment, unloading and loading boxes of inventory, counting inventory and otherwise following directions of his supervisors" (Id., ¶¶ 24-25). Plaintiff claims that he was originally compensated on an

hourly rate basis and therefore entitled to receive one and one-half times his hourly rate for all hours worked in excess of forty hours per week (Id., ¶ 20). Defendants then switched Plaintiff "to a fixed salary per year and claimed he was owed no overtime compensation, even though his job duties remained the same" (Id., ¶ 21). Defendants deny Plaintiff's allegations (Doc. 11). On January 17, 2019, the parties filed their joint motion for approval of their settlement agreement (Doc. 38).

## Discussion

"The principal congressional purpose in enacting the Fair Labor Standards Act of 1938 was to protect all covered workers from substandard wages and oppressive working hours, 'labor conditions [that are] detrimental to the maintenance of the minimum standard of living necessary for health, efficiency and general well-being of workers.'" Barrentine v. Ark.-Best Freight Sys., Inc., 450 U.S. 728, 739 (1981) (alteration in original) (quoting 29 U.S.C. § 202(a)). "Any employer who violates the provisions of section 206 or section 207 of [the FLSA] shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, and in an additional equal amount as liquidated damages." 29 U.S.C. § 216(b). Section 206 establishes the federally-mandated minimum hourly wage, and § 207 prescribes overtime compensation of "one and one-half times the regular rate" for each hour worked in excess of forty hours during a given workweek. The provisions of the FLSA are mandatory and "cannot be abridged by contract or otherwise waived." Barrentine, 450 U.S. at 740. To permit otherwise would "'nullify the purposes' of the [FLSA] and thwart the legislative policies it was designed to effectuate." Id. (quoting Brooklyn Sav. Bank v. O'Neil, 324 U.S. 697, 707 (1946)).

The parties seek judicial review and a determination that their settlement of Plaintiff's FLSA claims is a "fair and reasonable resolution of a bona fide dispute" over

FLSA issues. See Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1354-55 (11th Cir. 1982). If a settlement is not one supervised by the Department of Labor, the only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employers under § 216(b) to recover back wages for FLSA violations. "When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." Id. at 1353 (citing Schulte, Inc. v. Gangi, 328 U.S. 108 (1946)).

"Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context." Id. at 1354. In adversarial cases:

> The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

Id.

When determining whether a settlement is fair and reasonable, the Court considers the following factors: "(1) the existence of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of plaintiffs' success on the merits; (5) the range of possible recovery; and (6) the opinions of counsel." Hamilton v. Frito-Lay, Inc., No. 6:05-cv-592-Orl-22JGG, 2007 WL 328792, at *2 (M.D. Fla. Jan. 8, 2007). There is a "'strong presumption' in favor of finding a settlement

fair." Id. (citing Cotton v. Hinton, 559 F.2d 1331 (5th Cir. 1977)).

### A. Settlement Sum

Defendants have agreed to pay Plaintiff $5,000 in unpaid wages and an additional $5,000 in liquidated damages to settle Plaintiff's FLSA claims (Doc. 38-1, ¶ 4). In his answers to the Court's interrogatories, Plaintiff said he believed he was entitled to a little over $34,000 in damages (Doc. 16-1 at 4). Like most settlements, this one is driven by the facts and the parties are much better informed than the Court concerning the facts. No badges of fraud or overreaching are apparent and the parties are represented by experienced attorneys. Therefore, I see no reason to question the parties' judgment and respectfully recommend the Court find the settlement amounts are reasonable.

### B. Attorney's Fees

Defendants have agreed to pay Plaintiff's attorneys $22,500 in fees (Doc. 38 ¶ 5). Counsel represent that this fee was negotiated separately from Plaintiff's recovery, without regard to the amount of the settlement sum (Id., Doc. 38-1, ¶ 4). This is sufficient to establish the reasonableness of the fees and that Plaintiff's recovery was not adversely affected by the amount of fees paid to his counsel. See Bonetti v. Embarq Mgmt. Co., 715 F. Supp. 2d 1222 (M.D. Fla. 2009); see also McQuillan v. H.W. Lochner, Inc., No. 6:12-cv-1586-Orl-36TBS, 2013 WL 6184063, at *3 (M.D. Fla. Nov. 25, 2013).

### C. Release

The parties' settlement agreement includes a release that is sufficiently narrow to withstand judicial scrutiny.[1]  It does not require Plaintiff to release unknown claims that

---

[1] General releases in FLSA cases are frequently viewed as "'side deals' in which the employer extracts a gratuitous (although usually valueless) release of all claims in exchange for money unconditionally owed to the employee" and therefore, such releases "confer[ ] an uncompensated, unevaluated, and unfair benefit on the employer." Fiber Moreno v. Regions Bank, 729 F. Supp. 2d 1346, 1351-52 (M.D. Fla. 2010). As such, "[a] compromise of an FLSA claim that contains a pervasive release of unknown claims fails judicial scrutiny." Id. at 1352.

are unrelated to his wage and hour claim; instead, the release is limited to claims for unpaid wages, as well as any other wage and hour claim of any kind, arising under the FLSA (Doc. 38-1, ¶ 3). See Coleman v. Target Corp., No. 6:12-cv-1315-Orl-37GJK, No. 6:12-cv-1315-Orl-37GJK, 2013 WL 867891, at *6 (M.D. Fla. Mar. 1, 2013) (citing Heath v. Hard Rock Café Int'l, Inc., No. 6:10-cv-344-Orl-28KRS, 2011 WL 5877506, at *4 (M.D. Fla. Oct. 28, 2011), *adopted by* 2011 WL 5873968 (M.D. Fla. Nov. 23, 2011) (recommending that release provision limited to wage and hour claims was not a prohibited "side deal" that undermined the fairness or reasonableness of the parties' FLSA settlement)). Accordingly, I respectfully recommend that the Court find the release provision to be fair and reasonable.

### D. Non-Disparagement Clause

Courts throughout this Circuit have struck non-disparagement provisions in FLSA settlement agreements finding "them to constitute a judicially imposed prior restraint in violation of the First Amendment." Nichols v. Dollar Tree Store, Inc., Case No. 1:13-cv-88 (WLS), 2013 U.S. Dist. LEXIS 156754, at *10-11 (M.D. Fla. Nov. 1, 2013); see also Degraff v. SMA Behavioral Health Servs., 945 F. Supp. 2d 1324, 1330 (M.D. Fla. Jan. 30, 2013); Housen v. Econosweep & Maint. Servs., Case No. 3:12-cv-461-J-34TEM, 2013 U.S. Dist. LEXIS 79706, at *5-6 (M.D. Fla. May 24, 2013); Valdez v. T.A.S.O Props., Case No. 8:09-cv-2250-T-23TGW, 2010 U.S. Dist. LEXIS 47952, at *4 n.1 (M.D. Fla. April 28, 2010).

The courts in this judicial district are split over whether to approve an agreement that contains a mutual non-disparagement clause in which the parties have made a *reciprocal* agreement not to disparage each other. Some courts believe these clauses contravene the principles of the FLSA and should preclude approval of the agreement. Clarke v. Alta Resources Corp., Case No. 2:17-cv-276-FtM-99CM, 2017 WL 4958771, at

*3-4 (M.D. Fla. Oct. 30, 2017) (citing Ramnaraine v. Super Transp. of Fla., LLC, No. 6:15-cv-710-Orl–22GJK, 2016 WL 1376358 at *3 (M.D. Fla. March 28, 2016)); Holley v. Sebek Kirkman LLC, Case No. 6:15-cv-1626-ORl-40GJK, 2016 WL 3247589, at *5 (M.D. Fla. May 26, 2016). Other courts have "upheld non-disparagement clauses that benefit employers where there has been a reciprocal agreement to provide a neutral reference, which inures to the benefit of the plaintiff. Bell v. James C. Hall, Inc., Case No. 6:16-cv-218Orl-41TBS, 2016 WL 5339706, at *3 (M.D. Fla. Aug. 16, 2016) (citing Caamal v. Shelter Mortg. Co., LLC, No. 6:13-cv-706-Orl-36KRS, 2013 WL 5421955, at *4 (M.D. Fla. Sept. 26, 2013); Martini v. Bridgewater Inn of Matlacha, LLC, Case No. 2:15-cv-658-FtM-38CM, 2016 WL 3556803, at * 2 (M.D. Fla. June 9, 2016)).

The parties have included the following mutual non-disparagement clause in their agreement:

> **9. Mutual Non-Disparagement**: The Parties agree that they will not now or in the future talk about or otherwise communicate to any third party in a malicious, disparaging or defamatory manner regarding each other. The Parties further agree that the reciprocal nature of this term is intended as sole consideration because all parties derive equal benefit from its [inclusion].

(Doc. 38-1, ¶ 9). I do not find this clause (which probably benefits Plaintiff more than Defendants) objectionable but, if the Court concludes that it is inappropriate, then it may be stricken pursuant to the severability clause, paragraph 14 of the settlement agreement and then the agreement can be approved.

## Recommendation

Upon due consideration, it is hereby **RECOMMENDED** that the Court,

(1) **GRANT** the parties' Joint Motion for Approval of Settlement and for Dismissal With Prejudice (Doc. 38);

(2) **APPROVE** the settlement agreement (Doc. 38-1); and

(3) **DISMISS** this case **WITH PREJUDICE.**

### Notice to Parties

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. See 11th Cir. R. 3-1.

If the parties do not object to this Report and Recommendation, then they may expedite the approval process by filing notices of no objection.

**RECOMMENDED** in Orlando, Florida on January 29, 2019.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

    Presiding United States District Judge
    Counsel of Record